IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **T&T OFFSHORE, INC.** § § | |
| **Plaintiff,** § § | |
| | §   CIVIL ACTION NO. _____ |
| VS. § § | |
| | §   (ADMIRALTY) |
| **LIGHTERING, LLC, f/k/a LIGHTERING** § | |
| **LLC, TT CLUB MUTUAL INSURANCE** § | |
| **LTD, STARR INDEMNITY & LIABILITY** § | |
| **COMPANY, AGCS MARINE INSURANCE** § | |
| **COMPANY MARKETED AS ALLIANZ** § | |
| **GLOBAL CORPORATE & SPECIALTY,** § | |
| **AND XL SPECIALTY INSURANCE** § | |
| **COMPANY** § § | |
| **Defendants.** § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1333 and 1441(a), Defendants Starr Indemnity & Liability Company ("Starr"), AGCS Marine Insurance Company Marketed as Allianz Global Corporate & Specialty ("AGCS"), and XL Specialty Insurance Company ("XL") hereby give notice that the action styled *T&T Offshore, Inc. v. Lightering, LLC, f/k/a Lightering LLC, TT Club Mutual Insurance Ltd., Starr Indemnity & Liability Company, AGCS Marine Insurance Company Marketed as Allianz Global Corporate & Specialty, and XL Specialty Insurance Company,* Cause No. CV-0081527, pending in County Court at Law No. 2, Galveston County, Texas is hereby removed to the United States District Court for the Southern District of Texas – Galveston Division.  In support of removal, Defendants state the following:

## TEXAS STATE COURT ACTION

1.     On July 20, 2018, Plaintiff T&T Offshore, Inc. ("T&T Offshore") filed an action in County Court No. 2, Galveston County, Texas, styled *T&T Offshore, Inc. v. Lightering, LLC,*

1

*f/k/a Lightering LLC, TT Club Mutual Insurance Ltd., Starr Indemnity & Liability Company, AGCS Marine Insurance Company Marketed as Allianz Global Corporate & Specialty, and XL Specialty Insurance Company,* Cause No. CV-0081527 (the "Texas State Court Action"), against Defendants Lightering LLC ("Lightering"), TT Club Mutual Insurance Ltd. ("TT Club"), Starr, AGCS and XL, asserting claims under a Master Service Agreement between T&T Offshore, Inc. and Lightering,[1] and also claiming to be an additional assured on the policies of insurance issued to Lightering by TT Club, Starr, AGCS and XL. In the Texas State Court Action, T&T seeks indemnity from Lightering and insurance coverage from TT Club, Starr, AGCS and XL for certain wrongful death and personal injury claims that have been made against T&T Offshore.

2. The claims against Starr, AGCS and XL are claims on maritime contracts involving the interpretation of policies of marine insurance.[2]

3. Lightering, Starr and AGCS were served on August 14, 2018, TT Club was served on August 15, 2018, and XL was served on August 16, 2018.

4. Defendants Lightering, Starr, AGCS and XL have answered in the Texas State Court Action.

## JURISDICTIONAL BASIS FOR REMOVAL

5. Starr, AGCS and XL had issued a Bumbershoot Liability Insurance Policy ("the

---

[1] At the time the contract at issue was executed, Lightering was known as OSG Lightering LLC. OSG Lightering LLC changed its name to Lightering LLC on July 21, 2017.

[2] Defendants Lightering, Starr, AGCS and XL previously filed a declaratory judgment action against T&T Offshore and Teichman Group in the U.S. District Court for the Southern District of Texas, Houston Division, seeking to resolve, among other issues, whether T&T's defense, indemnity and additional insured claims are invalid due to the fact that the Master Service Agreement between T&T Offshore, Inc. and Lightering expired by its own express terms two and a half years before the accident at issue. The case was assigned to Chief Judge Lee Rosenthal and assigned case number 4:17-cv-03374. In that action, Lightering, Starr, AGCS and XL asserted the federal court had subject-matter jurisdiction under 28 U.S.C. § 1333 because the contract at issue is a maritime contract. T&T filed a Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction, asserting that the MSA is non-maritime. On July 16, 2018, the Court granted T&T's Motion and dismissed the case for lack of subject-matter jurisdiction after finding that the MSA is non-maritime. Lightering, Starr, AGCS and XL have appealed that ruling/order, and their appeal is currently pending before the Fifth Circuit Court of Appeals as case number 18-20574.

3230293-1

Bumbershoot Policy") to International Seaways Inc. and its affiliated and/or associated and/or subsidiary companies, including Lightering. The Bumbershoot Policy provides coverage in excess of the TT Club Policy for a variety of risks, including protection and indemnity, general average, collision and tower's liability, salvage, and sue and labor. The Bumbershoot Policy is a contract of marine insurance. *See St. Paul Fire & Marine Ins. Co. v. Bd. of Comm'rs*, 418 Fed. Appx. 305 (5th Cir. 2011); *Exxon Mobil Corp. v. Starr Indem. & Liab. Ins. Co.*, 181 F. Supp. 3d 347 (S.D. Tex. 2015) (Hittner, J.); *Starr Indem. & Liab. Co. v. Exxon Mobil Corp.*, 2014 U.S. Dist. LEXIS 82724 (S.D. Tex. June 18, 2014) (Atlas, J.).

6. A federal court's authority to hear cases in admiralty flows initially from the Constitution, which "extend[s]" federal judicial power "to all cases of admiralty and maritime jurisdiction." U.S. Const. art. III, § 2.

7. 28 U.S.C. § 1441 provides as follows: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A suit within the admiralty jurisdiction is a "civil action . . . of which the district courts of the United States have original jurisdiction," and no Act of Congress expressly prohibits removal of such action. Accordingly, a case within the admiralty jurisdiction may be properly removed to federal court. *Exxon Mobil Corp. v. Starr Indemn. & Liab. Ins. Co.*, No. 15–1555, 2015 U.S. Dist. LEXIS 178100, at *18–23 (S.D. Tex. Dec. 21, 2015) (Hittner, J.); *Exxon Mobil Corp. v. Starr Indem. & Liab. Co.*, 2014 U.S. Dist. LEXIS 82434 (S.D. Tex. June 17, 2014) (Atlas, J.); *Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772, 774–78 (S.D. Tex. 2013) (Miller, J.); *Carrigan v. M/V AMC AMBASSADOR*, No. 13–3208, 2014 U.S. Dist. LEXIS

3230293-1

12484 (S.D. Tex. Jan. 31, 2014) (Werlein, J.); and *Wells v. Abe's Boat Rentals, Inc.*, 2013 U.S. Dist. LEXIS 85534 (S.D. Tex. June 18, 2013) (Rosenthal, J.).

8. To the extent that Plaintiff would have been entitled to a jury trial in state court, Defendants consent to a jury trial in federal court.

9. Pursuant to 28 U.S.C. §§ 1333 and 1441(a), and without prejudice to any defense Defendants may have to Plaintiff's claims including, but not limited to any defenses related to improper venue or the right to move to transfer the case to the Houston Division for consolidation with related cases currently pending there, the Defendants Starr, AGCS and XL remove this action from County Court No. 2, Galveston County, Texas to the United States District Court for the Southern District of Texas – Galveston Division.

## VENUE IS PROPER IN THIS COURT

10. The United States District Court for the Southern District of Texas – Galveston Division embraces the county in which the Texas State Court Action was filed. Accordingly, this case is properly removed to this Court under 28 U.S.C. § 1446(a).

## REMOVAL IS TIMELY

11. The Texas State Court Action was filed on July 20, 2018. Lightering was served on August 14, 2018. TT Club was served on August 15, 2018. Starr, AGCS and XL have not yet been served in the Texas State Court Action. This Notice of Removal is filed within 30 days of Defendants' first receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999). Thus, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## OTHER MATTERS

12. Defendants Lightering and TT Club have both consented to this removal.

13. Written notice of the filing of this Notice of Removal will be given to all adverse parties, as required by the provisions of 28 U.S.C. § 1446(d).

14. A true and correct copy of this Notice of Removal will be filed with the Clerk for County Court at Law No. 2, Galveston County, Texas as required by the provisions of 28 U.S.C. § 1446(d). Defendants Starr, AGCS and XL are providing County Court at Law No. 2, Galveston County, Texas with written notice of this removal.

15. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, copies of all process, pleadings, and orders signed by the state judges, a copy of the docket sheets, a complete list of all counsel of record, together with an index of such documents are attached hereto collectively as **Exhibit 1**.

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of County Court at Law No. 2, Galveston County, Texas.

WHEREFORE, the Defendants Starr, AGCS and XL hereby remove this action to the United States District Court for the Southern District of Texas – Galveston Division.

Respectfully submitted,

CHAFFE MCCALL, L.L.P.

 /s/ Harold K. Watson
**HAROLD K. WATSON**
Texas State Bar No.: 20938500
Federal Bar No.: 4345
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone: (713) 546-9800
Facsimile: (713) 546-9806
Email: watson@chaffe.com

3230293-1

        **ATTORNEY IN CHARGE FOR DEFENDANTS STARR INDEMNITY & LIABILITY COMPANY, AGCS MARINE INSURANCE COMPANY MARKETED AS ALLIANZ GLOBAL CORPORATE & SPECIALTY, AND XL SPECIALTY INSURANCE COMPANY**

**OF COUNSEL:**

**CHAFFE MCCALL, L.L.P.**

**LISA M. KAUFMANN**
Texas State Bar No.: 24072841
Federal Bar No.: 1708528
Email:   kaufmann@chaffe.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the 6th day of September, 2018, a true and correct copy of the foregoing document was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

                       */s/ Harold K. Watson*
                       Harold K. Watson

3230293-1